# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| VICKI A. BELL § <br> § <br> v. § <br> § <br> NANCY A. BERRYHILL, § <br> ACTING COMMISSIONER, SOCIAL <br> SECURITY ADMINISTRATION | Case No. 2:17-CV-0199-RSP |

## MEMORANDUM RULING

On January 27, 2016, Administrative Law Judge John Antonowicz issued a decision finding that Petitioner Vicki Ann Bell was not disabled within the meaning of the Social Security Act from March 17, 2014 through the date of the decision. Mrs. Bell, who was 31 with a high school education at that time, was found to be suffering from the severe impairment of intellectual disability (formerly addressed by the Social Security regulations as mental retardation). She was working at the time of the hearing as a housekeeper for an elderly woman three days per week, but did not earn enough to be considered engaged in any substantial gainful activity. The ALJ concluded that she had no relevant past work.

After reviewing the medical records and receiving the testimony at the September 14, 2015 video hearing, the ALJ determined that Petitioner had the residual functional capacity to perform the full range of work at all exertional levels, as defined in the Social Security Regulations, but with the following nonexertional limitations: She can understand, remember, and carry out only short, simple instructions. She can perform simple, routine tasks with no fast-paced high quota production work. She can make only simple work-related decisions. She can adapt to few if any

1

workplace changes, and can tolerate only occasional interaction with coworkers, supervisors, and the general public. Based on the testimony of vocational expert, Harris N. Rowzie, the ALJ determined that Petitioner could perform the requirements of certain jobs that exist in substantial numbers in the national economy, such as kitchen helper, laundry laborer, and poultry hanger. This finding resulted in the determination that Petitioner was not entitled to Supplemental Security Income benefits. Petitioner appealed this finding to the Appeals Council, which denied review on February 10, 2017. Petitioner timely filed this action for judicial review seeking remand of the case for award of benefits.

This Court's review is limited to a determination of whether the Commissioner's final decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standards in evaluating the evidence. See *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir.1995); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir.1994), cert. denied, 514 U.S. 1120, 115 S.Ct. 1984, 131 L.Ed.2d 871 (1995). Substantial evidence is more than a scintilla, but can be less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir.1995). A finding of no substantial evidence will be made only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir.1988) (citing *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir.1983)). In reviewing the substantiality of the evidence, a court must consider the record as a whole and "must take into account whatever in the record fairly detracts from its weight." *Singletary v. Bowen,* 798 F.2d 818, 823 (5th Cir.1986).

Petitioner raises two issues on this appeal:

1. The Administrative Law Judge's decision is not supported by substantial evidence because he failed to properly interpret the Weschsler Adult Scale of Intelligence Fourth Edition test results, and accused the Petitioner of not giving her best effort.

2. The Administrative Law Judge erred in substituting his own opinion in the place of the consultative examiners and therefore failed to give proper weight to their opinions.

*Issue No. 1:*

Petitioner contends that the ALJ erred in not finding that Petitioner's impairments meet or medically equal the requirements of one of the listed impairments in 20 C.F.R. Part 404, leading to a finding of disability at Step Three. Petitioner refers to the requirements of listing 12.05, which pertains to mental disorders. The ALJ addressed this issue on pages 4 through 7 of his opinion (Tr. 16 - 19). The requirements of the listings are demanding. Petitioner bears the burden of proof at Step Three.

The listing requires proof of significantly below average general intellectual functioning, which Petitioner has shown with her full-scale IQ scores of 61 and 65, from tests in 2011 and 2015, respectively. For Listing 12.05 she must further prove that she has experienced at least two of the following: (1) "repeated episodes of decompensation, each of extended duration;" or "marked"[1] limitations in (2) activities of daily living, (3) maintaining social functioning, or (4) maintaining concentration, persistence or pace. Petitioner also refers in passing to Listing 12.04, which refers to depressive and bipolar disorders. This listing requires medical documentation of a number of listed severe symptoms. Petitioner makes no effort to show evidence in the record even approaching the requirements of Listing 12.04.

---

[1] On a scale of mild, moderate, marked or extreme.

While Petitioner's brief cites a variety of supportive excerpts from the consultative examiners and from Petitioner's own testimony, Petitioner's burden is not to show that there is favorable evidence in the record. Rather, Petitioner must show that the ALJ lacked any substantial evidence to support his findings. Both Dr. Blaine Carr and Dr. Mischca Scales, State agency psychological consultants, performed reviews of Petitioner's records and opined that Petitioner did not meet the Listings. While Dr. David Grant, a consultative examiner, did make findings in his first report tending to support Petitioner's position, the ALJ articulated reasons for assigning greater weight to the opinions of the former doctors, and to a second report by Dr. Grant. In a report dated April 29, 2014, Dr. Grant found that Petitioner's only "marked" limitation was in her ability to follow detailed instructions. The ALJ accommodated this restriction in the FCE outlined above.

During the hearing before the ALJ, Petitioner testified that she was currently working keeping house for an elderly client, "mopping, sweeping, dusting, giving her baths." (Tr. 39). She also testified that she cooked, cleaned, and cared for her children, ages 5 and 6. She said that her learning disability was the only problem affecting her ability to work. (Tr. 41). The ALJ was certainly entitled to consider these facts in assessing Petitioner's adaptive functioning and whether she had moderate or marked limitations. To the extent that Dr. Feir's consultative examination report is inconsistent with the ALJ's findings, he articulated an adequate basis, supported by substantial evidence, for the contrary finding.

The Court does find that the record does not support the ALJ's decision to disregard the results of the Wechsler Adult Intelligence Scale scores determined by Dr. Feir and Dr. Grant. While they noted that Petitioner did not appear to give her best effort, they concluded that the test

4

results were valid. Administering such exams is particularly within their field of expertise, and their conclusion that the results are valid should not be disregarded by the ALJ without strong reasons, especially when the reasons were known to the doctors and not deemed disqualifying. However, this is a harmless error in this instance since Petitioner has not shown a reason to disregard the ALJ's finding of no marked limitations in function.

The Court's review of the record does not support Petitioner's argument that the ALJ erred in finding that Petitioner did not meeting Listing 12.05.

*Issue No. 2:*

This issue is substantially the same as the first issue. The primary difference is that Petitioner argues that the law concerning the opinions of treating physicians should be applied to overturn the ALJ's decision. However, Dr. Feir and Dr. Grant are not treating physicians. They each saw Petitioner only to examine her for her application for SSI benefits. The Court does not find persuasive the conclusory argument that the ALJ failed to adequately develop the record.

*Conclusion:*

Having found that the record supports the finding of the ALJ, the decision of the Commissioner is affirmed and this action is dismissed.

**SIGNED this 3rd day of January, 2018.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE